

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,895-01 & WR-88,895-02

### EX PARTE JOSHUA STEVEN MCCULLOUGH, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 2014F00069 & 2014F00070 IN THE 5TH DISTRICT COURT FROM CASS COUNTY

*Per curiam*.

#### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failure to comply with registration requirements and sentenced to six years' imprisonment. He did not appeal his convictions.

Applicant contends that his plea was involuntary because his counsel did not explain the consequences of the plea to him. He alleges that counsel did not meet with him in person, only speaking with him in a single two-minute phone call. He alleges that counsel did not explain the plea in absentia paperwork and waivers to him, that he did not explain the range of punishment for

the offense, and was not present when he signed the plea in absentia. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall make findings as to whether Applicant was present for his guilty plea hearing or whether the plea in absentia paperwork was utilized to obtain his guilty plea. The trial court shall make findings as to whether counsel explained the plea paperwork and consequences of the plea to Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:   September 19, 2018
Do not publish